IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MICHAEL WAYNE WATSON**                                                                           **PETITIONER**

      V.                        No.  2:10-CV-02124-RTD

**FRANK ATKINSON, Sheriff**
**Sebastian County, Arkansas**                                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed August 20, 2010 under 28 U.S.C. Section 2254.  The State filed a Motion to Dismiss (ECF No. 6) on September 23, 2010 and the Petitioner filed his Response to the Motion to Dismiss (ECF No. 9 ) on November 12, 2010.  The State filed a Motion to Dismiss (Doc. 6) on September 23, 2010 contending that the Petition's contentions were presented to the Circuit Court during his Rule 37.1 Motion which was denied and therefore the Petitioner's motion under 28 U.S.C., § 2254 should be denied. The Court entered an Order Denying the Motion to Dismiss (ECF No. 11), appointing an attorney to represent the Petitioner (ECF No. 12) and setting the matter for a hearing (ECF No. 13) which was held on February 22, 2011.

### I. Background

The Petitioner was charged with Sexual Indecency with a Child, a Class D Felony in Sebastian County Circuit Court, case number CR 2008-767, and Sexual Assault in the 4th Degree, a Class A Misdemeanor, in case number MC 2008-107. The cases were combined for trial.  At a jury trial the Petitioner was found not guilty of Sexual Indecency but guilty of Sexual

-1-

Assault and sentenced to 1 year in the Sebastian County Detention Center and fined $1000.00. The Petitioner appealed his sentence to the Arkansas Court of Appeals which affirmed his conviction on April 28, 2010. *See Watson v. State*, 2010 WL 1930942 (Ark. App.).

The Petitioner filed his Rule 37.1 Motion on July 13, 2010 and the State filed a Response on July 28, 2010.[1] The Petitioner attempted to file an Amendment to Motion to Invoke Rule 37.1 on August 2, 2010 to which the State of Arkansas objected on August 3, 2010 contending the Petitioner did not seek leave of court to amend his Petition. The Court issued its Findings of Fact and Conclusions of Law on August 3, 2010 and denied the Petitioner's Rule 37.1 motion without a hearing. The Petitioner filed a timely Notice of Appeal on August 10, 2010 and the Circuit Clerk's office acknowledged receipt of the Notice of Appeal on August 11, 2010. It does not appear that the Petitioner ever perfected his appeal to the Arkansas Court of Appeals and no review of the Circuit Court's decision was made by the Court of Appeals.

The Petitioner filed the current Habeas Petition on August 20, 2010 and raised the following grounds; (1) Incomplete Investigation by Detective caused a warrant and arrest without complete facts, (2) Withholding Evidence by Prosecutor's Office (Ineffective Assistance of Counsel), (3) Malicious Prosecution, and (4) Double Jeopardy.

## II.  Discussion

**A.  Failure to Exhaust Administrative Remedies:**

On July 13, 2010 the Petitioner filed his Rule 37.1 Motion in the Circuit Court of Sebastian County (Doc. 7-1) asserting Ineffective assistance of Counsel. He stated that his trial

---

[1] The Arkansas Rules of Criminal Procedure require the Rule 37.1 Petition to be filed within 60 days (See Ark. Rules of Cr. Proc., Rule 37.2(c)) but the State did not object and the issue will not be addressed here.

counsel admitted that she "had not prepared to defend Mr. Watson in trial." (Doc. 7-1, p. 4). He also claimed that she failed to properly investigate (Doc. 7-1, p. 5) because she did not obtain a statement of the school counselor that the state used at trial (Doc. 7-1, p. 5) and that the State made an oral motion to suppress (limine) on the morning of trial that his attorney was not prepared to defend (Doc. 7-1, p. 6 and p. 16) and as a result certain inconsistent statements that were made at the misdemeanor trial in District Court were not allowed.   The Petitioner reasserts this claim in Ground Two of the current petition, even though it is styled "Withholding Evidence by the Prosecutors Office" the court will interpret this to be a claim of Ineffective Assistance of Counsel.  It is clear that the Petitioner is contending that his attorney was not prepared and did not oppose the governments oral motion prior to trial.

     The trial court conducted no hearing on the Rule 37.1 petition and no affidavits were presented to the court.  In the court's Finding of Fact and Conclusions of Law (ECF No. 7-1, p. 22-24) the court did not address the contention that his attorney did not oppose the State's oral Motion in Limine made on the day of trial and merely stated that the petitioner's statements against his attorney were conclusory. (Id.).  The trial court denied the Rule 37.1 Petition on August 3, 2010. (Id.).

     28 U.S.C.A. § 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

The Petitioner filed a Notice of Appeal of the State Court's Order denying his Rule 37.1 Petition (See ECF No. 7-1, p. 26-29) on August 10, 2010. The Sebastian County Clerk sent a letter to the Defendant acknowledging the filing of the notice but instructing him it was his responsibility to have the transcript prepared. (See ECF No. 7-1, p. 25). The Petitioner testified that he did not follow through on the appeal because he just did not know what to do.

A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief. *Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir.1994). *See also Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir.1996) (a claim presented in a motion for post-conviction relief but not advanced on appeal is abandoned). *Anderson v. Groose* 106 F.3d 242, 245 (C.A.8 (Mo.),1997)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *28 U.S.C.A. § 2254(b); Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id. (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal claim applies even if the defendant's failure to exhaust results from the application of state law. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S. Ct. 877, 151 L. Ed.2d 820 (2002). (Federal courts will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule applies with equal force whether the state-law ground is substantive or

procedural." Id.

It is clear that the Petitioner has procedurally defaulted his claims. "Unless a habeas petitioner shows **cause and prejudice** a court may not reach the merits of ... procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims."  See *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Sawyer v. Whitley*, 505 U.S. 333, at 338 (1992); *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir.1999).

Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. 2639. At a minimum, however, Petitioner must show that "something external to [him], something that cannot fairly be attributed to him," caused the procedural default. *See  Coleman v. Thompson*, 501 U.S. 722 at 753, (*citing Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. 2639).  *See also Ivy v. Caspari*,  173 F.3d 1136, 1140 -1141 (C.A.8 (Mo.),1999).

The Petitioner testified at the hearing that he just did not know how to proceed with the appeal after he had lodged the notion of appeal. The Petitioner acknowledged that he filed additional motions for bond after his notice of appeal but did not file anything with the court of appeals.  In this instance there is nothing external to the defense outside of the Petitioner's own ignorance of the law and the Petition's claim is procedurally barred.

Notwithstanding the above the court had some concern about the confrontation issue that was raised by the petitioner at trial and his ineffective assistance of counsel claim.  As a result the court ordered a copy of the transcript, appointed counsel and set the matter for a hearing which

was conducted on February 22, 2010.

At the hearing the Petitioner, Christina Scherrey and John Joplin, Petition's trial attorneys and Dan Stewart, Petitioner's appeal attorney testified. The court, after reviewing the record and hearing testimony finds that the Petitioner's substantive claims, even if not barred, are without merit.

**B. Substantive Claims:**

A petition filed by a pro se petitioner should be "interpreted liberally and ... should be construed to encompass any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976). *Jones v. Jerrison*, 20 F.3d 849, 853 (C.A.8 (Mo.),1994). The Petitioner has claimed 1) Incomplete Investigation by Detective, 2) Ineffective Assistance of Counsel, 3) Malicious Prosecution and 4) Double Jeopardy. (ECF No. 1, p. 5-10).

**Ground Two: Ineffective Assistance of Counsel:**

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). 2254. Cox v. Wyrick 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v.*

*Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

On July 13, 2010 the Petitioner filed his Rule 37.1 Motion in the Circuit Court of Sebastian County (Doc. 7-1) asserting Ineffective assistance of Counsel.  He stated  that his trial counsel admitted that she "had not prepared to defend Mr. Watson in trial."  (Doc. 7-1, p. 4).  He also claimed that she failed to properly investigate (Doc. 7-1, p. 5) because she did not obtain a statement of the school counselor that the state used at trial (Doc. 7-1, p. 5) and that the State made an oral motion to suppress on the morning of trial that his attorney was not prepared to defend (Doc. 7-1, p. 6 and p. 16) and as a result certain inconsistent statements that were made at the misdemeanor trial in District Court were not allowed.   The Petitioner reasserts this claim in Ground Two of the current petition, even though it is styled "Withholding Evidence by the Prosecutors Office" the court will interpret this to be a claim of Ineffective Assistance of Counsel and incorporate the claims made in the Rule 37.1 petition.  It is clear that the Petitioner is contending that his attorney was not prepared for trial and did not oppose the governments oral motion prior to trial.

The Court entered an Order Denying the Respondent's Motion to Dismiss (ECF No. 11), appointing an attorney to represent the Petitioner (ECF No. 12) and setting the matter for a hearing (ECF No. 13) which was held on February 22, 2011. Prior to the hearing the Petitioner raised an additional allegation that his trial attorneys were ineffective because they failed to proffer any of the purported inconsistent statements made by the witnesses at the Circuit Court

trial.

**Confrontation Clause:**

The Petitioner was convicted in Sebastian County District court of the offense of Sexual Assault 4th Degree. At that trial the victim, Danielle Sherril, her father Verlin Sherril and her mother testified. That judgment was appealed to the Circuit Court of Sebastian County where it was combined with a felony offense of Sexual Indecency with a Child. Both cases were set for trial on December 18, 2008. On the morning of trial the Assistant Prosecuting Attorney made an Oral Motion in Limine. The APA stated that he did "anticipate that perhaps maybe on cross examination some of the State's witnesses may be asked question like didn't you say this in District Court or didn't you say that or isn't it true that you testified to such and such". (Tr. 118). The Defense objected to the motion stating that the rules of evidence allowed such impeachment but the court overruled the defense and granted the State's motion (Tr. 121). The defense then argued specifically that he felt "like prior inconsistent statements are exculpatory and we would renew our motion and ask the Court to rule that the right to confrontation is given by the Sixth Amendment to the United States Constitution" and that to grant the State's Motion in Limine would "deny Mr. Watson his right to confrontation as guaranteed by the Arkansas and the U.S. Constitution. (Tr. 123). The Court then adhered to its prior ruling in granting the State's Motion in Limine. (Tr. 124).

The Petitioner contended that his confrontation rights were violated by the court's ruling. (ECF No. 1, p. 6-7). The confrontation clause of the sixth amendment protects the right of criminal defendants "to be confronted with the witnesses against [them]." U.S. Const., amend. VI. " 'The main and essential purpose of confrontation is to secure for the opponent the

opportunity of cross- examination.' " *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), citing 5 J. Wigmore, Evidence § 1395, at 123 (3d ed. 1940) (emphasis in original).

The Arkansas Rules of Evidence provides that a statement is an oral or written assertion and that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (I) inconsistent with his testimony and , if offered in a criminal proceeding, was given under oath and subject to the penalty of perjury at a trial, hearing, or other proceeding...". Ark. Rules of Ev., Rule 801. The rules further provide that in "examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel." The Rule goes on to provide that [E]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same.." Ark. Rules of Ev., Rule 613.

At the hearing the Petitioner testified that the only inconsistent statement made by the victim, Danielle Sherril, was that she testified in District Court that the Petitioner attempted to place his tongue in her mouth and she did not say that in Circuit Court and that the victims father, Vernon Sherril, testified in District Court that he was only out of view of his daughter for 15-20 seconds and at the Circuit Court trial he testified that it was a few minutes.

Christina Scherry testified at the hearing that she represented the Petitioner at both the District Court trial and the Circuit Court trial. She stated that she had no recollection of the victim testifying about the Petitioner trying to place his tongue in her mouth at the District Court

trial. She also testified that her recollection of the father's testimony at the District Court trial was that his daughter and the Petitioner were out of his sight for about five minutes. At the Circuit Court trial he testified that it was two to three minutes and she felt that was more beneficial to the defense. Ms. Scherry testified that there was no relevant inconsistent statements made and no reason to make any proffer of inconsistent testimony. Ms. Scherry also testified that she made that determination based upon the testimony and not because of any ruling made by the trial court. Ms. Scherry was emphatic that the inconsistent statements that the Petitioner contended did not occur. The proceedings in state District Court are not recorded and that was the main concern of the trial judge when he granted the State's Motion in Limine prior to trial. (Tr. 118-126).

A limitation on cross-examination does not violate the Sixth Amendment unless the defendant shows that "[a] reasonable jury might have received a significantly different impression of [the witness's] credibility had [defense] counsel been permitted to pursue his proposed line of cross-examination." *Van Arsdall*, 475 U.S. at 680, 106 S.Ct. 1431. *U.S. v. Walley,* 567 F.3d 354, 358 (C.A.8 (Mo.),2009)

The Petitioner has failed to establish that his attorney was deficient or that he suffered any prejudice because of the Circuit Court's ruling or the failure of the Ms. Scherry to make any proffer of testimony.

**Failure to Investigate the Witness Kelly Daniels:**

The Petitioner also asserted that his attorney was ineffective because he failed to interview the school counselor, Kelly Daniels, prior to the trial in Circuit Court. Ms. Scherry testified that she did interview Ms. Daniels prior to trial. She had attempted to call Ms. Daniels

several times but could not get her to return her calls. She then traveled to Ms. Daniels place of employment prior to trial and spoke with her. She found out that the Prosecuting Attorney had not yet spoken with her and she discovered that Ms. Sherril, the victim, had said several things to her that she had not said to the police in her statement, or that she testified to at her trial in District Court.

Danielle Sherril testified on direct examination at the Circuit Court trial that she, the Petitioner and her father were in the bedroom watching movies (Tr. 141), that the Petitioner called someone to come and pick him up and at some point her father left the room (Tr. 143). When he did the Petitioner asked her for a hug and she gave him one (Id.) and he then kissed her on the mouth (Tr. 144) but did not do anything with his tongue (Id.). That the Petitioner asked for another hug, which she gave to him and when she pulled away he touched her on her breast and vagina area. (Id.). She described the touching as grazing not grabbing. (Tr. 145). She denied that she left the room (T. 147) and she told her mother when she came home. (T. 148).

On cross examination Ms. Scherry solicited an admission from the victim that she had spoken the to school counselor, Ms. Daniels, the next morning. (T. 154-155). The victim denied telling Ms. Daniels that she was home alone, that the incident happened in her room, not her mom's, that she ran next door to a neighbor, or that she used the neighbor's phone to call her mom (Id.).

When Ms. Daniels testified at Circuit Court the Assistant Prosecuting Attorney only asked the witness if the victim talked to her about a "sexual assault" (Tr. 172), if she named the person that committed the assault and if she seemed scared. (Id.). There were no questions concerning the substance of the victims statement to the witness. On cross examination the

witness testified that the victim stated that "she was scared and ran next door to a neighbor", that she used the phone at the neighbor's to call her mother and that she never mentioned anything about five dollars and that her father was not present. (Tr. 175-176).

It is clear that the Petitioner's contention that his attorney had not spoken with the school counselor is not correct. She had spoken with the counselor, was very aware of the counselor's expected testimony and laid a perfect foundation for impeachment of the victim by the questions she asked the victim in anticipation of the counselor's testimony.

**Failure to Prepare for Trial:**

If the Petitioner's claim is that his attorney was ineffective because she failed to prepare for trial at the District Court level the court finds that was moot because of the trial de novo that the Petitioner received in Circuit Court. The Petitioner stated that his attorney told him after the District Court case that she did not prepare properly for trial, but this statement was contradicted by Ms. Scherry. The court also notes that the Petitioner had agreed to enter a plea of guilty and had actually entered a plea of guilty to the District Judge. That certainly could have effected the degree of work that a defense attorney was going to apply to a case. The defense was able to get the District Judge to allow him to withdraw his plea and the case proceeded to trial.

If the Petitioner's claim is that his attorney was ineffective because she failed to prepare for trial in Circuit Court the testimony of Ms. Scherry, the court record, and the verdict of not guilty on the felony charge do not support his contention. As stated from the record the cross examination of the victim was complete and through. Not only did Ms. Scherry point out all of the discrepancies between the victims testimony and the statement she gave to the school counselor as stated above, but she also pointed out the discrepancies in her statement to the

police officer. (Tr. 156-159).

The Petitioner has put forth no evidence that his attorney did not prepare for trial and there is substantial evidence that Ms. Scherry did prepare, and prepare well for trail.

The Petitioner raised three additional grounds in his Habeas petition. (ECF No. 1). As the court has previously pointed out the Petition's claims are procedurally defaulted and the Petitioner has not shown cause why these claims were not presented in state court. Even if the claims were not procedurally defaulted they are without merit.

### Ground Two: Incomplete Investigation by Detective:

This claim is based on a belief that the Investigating officer did not fully investigate the case or evaluate the inconsistent statements made by the alleged victim. He contends that if the officer had no warrant for arrest would have been issued.

This is not an allegation that is cognizable in a habeas proceeding under 28 U.S.C.A. § 2254(d) and is without merit.

### Ground Three: Malicious Prosecution

The Petitioner states that the Prosecuting Attorney was aware that the victim was pregnant and that the family wanted to drop the charges but refused to do so.

In order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *See South Ark. Petroleum Co. v. Schiesser*, 343 Ark. 492, 36 S.W.3d 317 (2001); *McLaughlin v. Cox*, 324 Ark. 361, 922 S.W.2d 327 (1996); *Burkett v. Burkett*, 95 Ark. App. 314, 236 S.W.3d 563 (2006).

Obviously the proceedings were not terminated in favor of the Petitioner and his claim of Malicious Prosecution is without merit. In addition this is not an allegation that is cognizable in a habeas proceeding under 28 U.S.C.A. § 2254(d) and is without merit.

**Ground Four: Double Jeopardy**

The Petitions contention in this regards seems to be that he was convicted in District Court and received one year in jail and, after he appealed that conviction, he was convicted again in Circuit Court and got one year in jail and fined $1000.

The Petitioner choose to appeal the conviction from District Court to Circuit Court, he did not have to do so. When he did it was a trial de novo. *See Edwards v. City of Conway*, 300 Ark. 135, 138, 777 S.W.2d 583, 584 (1989). (when a party pursues an appeal to circuit court where the case is tried de novo). The right to de novo proceeding in Circuit Court is protected by Statute. Ark..Code Ann. § 16-17-703 (Repl.2010). De Novo means a new trial as if the trial in District court had not taken place. The jury was certainly not bound by the sentence of the District Judge and could impose any sentence the law allowed, which they did.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 23rd day of February 2011

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE